UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ROBERT PICARDI,                                                   :
                                                                  :
      Plaintiff,                    :
                                                                  :  20-cv-05315 (LJL)
 -v-                                                         :
                                                                  :  MEMORANDUM &
COMMISSIONER OF SOCIAL                                            :    ORDER
SECURITY,                                                         :
                                                                  :
      Defendant.                    :
                                                                  :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2022
```

LEWIS J. LIMAN, United States District Judge:

  Plaintiff Robert Picardi moves for an award of attorneys' fees and expenses and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 25. Plaintiff sought review of an administrative law judge's ("ALJ") decision finding Picardi ineligible for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–43. Dkt. No. 22. On November 4, 2021, the Court granted Plaintiff's request for judgment on the pleadings and adopted the Report and Recommendation of Magistrate Judge Nathaniel Fox who recommended that the matter be remanded back to the Commissioner of Social Security ("Commissioner") as certain of the ALJ's factual findings were not supported by substantial evidence. Dkt. No. 22 at 19, 20. Now, Plaintiff moves under the EAJA for: (i) an attorneys' fee of $5,994.37, (ii) certified mailing expenses related to service of process upon the Defendant in the amount of $17.25, (iii) costs for the federal court filing fee in the amount of $400; and (iv) if the United States Department of Treasury determines that Plaintiff has no debt that is subject to offset, an order that the Government may accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney. Dkt. Nos. 25–26. In support of his application, Plaintiff filed a

1

signed declaration from Plaintiff Picardi waiving direct payment of the EAJA fees and assigning said fees to be paid directly to his attorney.  Dkt. No. 26-7.  Defendant has not filed an opposition to Plaintiff's request for attorneys' fees and expenses.

The EAJA provides that:

> A court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  A party seeking attorneys' fees and costs under the EAJA must file an application "(1) establishing that he is the prevailing party and eligible to receive an award; (2) setting forth the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed; and (3) alleging that the position of the United States was not substantially justified." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014); *see Sava v. Comm'r of Soc. Sec.*, 2014 WL 129053, at *2 (S.D.N.Y. Jan. 10, 2014).  "The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court." *Colvin*, 993 F. Supp. 2d at 289.

Here, Plaintiff is the prevailing party and therefore eligible to receive an award under the EAJA.  *See Caplash v. Nielsen*, 294 F. Supp. 3d 123, 128 (W.D.N.Y. 2018) ("It is well-established that a litigant who has received a district court's decision vacating the decision of the Social Security Commissioner and remanding for further consideration pursuant to sentence four of Section 405(g) of the Social Security Act is a 'prevailing party' for purposes of the EAJA."); *McKay v. Barnhart*, 327 F. Supp. 2d 263, 266–67 (S.D.N.Y. 2004) ("[A] remand under sentence four of 42 U.S.C. § 405(g) *267 . . . is a final judgment that qualifies a plaintiff for prevailing party status.").  In support of Plaintiff's application for attorneys' fees and costs, Plaintiff has

submitted an affidavit with supporting documentation, detailing the amount of fees and expenses sought. Dkt. No. 26. Those attorneys' fees (based on approximately 30 hours of work) and expenses appear to be reasonable. *See Sava v. Comm'r of Soc. Sec.*, 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) ("District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security case."). Plaintiff also asserts that the position of the Commissioner was not substantially justified, Dkt. No. 27 at 2; *see Caplash*, 294 F. Supp. 3d at 129 (noting that it is the government's burden to show that its position was substantially justified), and that the fees may be payable directly to Plaintiff's counsel as long as they are not subject to offset by the Department of the Treasury, *see Coleman v. Comm'r of Soc. Sec.*, 2022 WL 669881, at *3 (S.D.N.Y. Mar. 7, 2022) ("[I]f the United States Department of Treasury determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.").

      The Court therefore GRANTS Plaintiff's request for an award of attorneys' fees, costs, and expenses. The Clerk of Court is directed to close Dkt. No. 25.

SO ORDERED.

Dated: October 10, 2022
      New York, New York

                                   LEWIS J. LIMAN
                               United States District Judge